# ATTACHMENT A

2025CV04488-09

EFILED
CLAYTON COUNTY, GA
12/4/2025 3:11 PM
Chanae Q. Clemons
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

**BRUCE FLIPPINS,**

      Plaintiff,

v.

**FORD MOTOR COMPANY,
and DELTA AIR LINES,
INC**.

      Defendants.

| Case No. 2025CV04488-09 |
| --- |
| Jury Trial Requested |

## COMPLAINT

COMES NOW, Plaintiff, **BRUCE FLIPPINS** ("Plaintiff"), by and through

the undersigned, hereby files this action seeking actual, injunctive, and exemplary

relief against Defendants, **FORD MOTOR COMPANY** ("Ford"), and **DELTA**

**AIR LINES, INC**. ("Delta") and alleges as follows:

## INTRODUCTION

1.    This cases arises from a catastrophic failure of a 2019 Ford Transit

("Transit"), with VIN 1FBZX2ZMXKKB37737, whose brake system and

intake/airflow system malfunctioned simultaneously, causing the driver to lose

control of the vehicle and Plaintiff suffer severe injuries.

2.    Plaintiff was employed by Delta as a cabin cleaner. As part of

Plaintiff's duties, he would ride in vehicles, owned, operated and maintained

by Delta on Atlanta International Airport's property between

LW

airplanes to accomplish these duties. Plaintiff never drove the vehicle in question or any vehicle for Delta.

3.      On December 6, 2023, Plaintiff was injured while riding Transit between airplanes when the vehicle malfunctioned, that malfunction caused Transit to lose control of acceleration and braking and crash into a concrete barrier buttressed to the airport terminal.

4.      The Transit driver, who is not Plaintiff, reported the following related to accident[1]:

a.      driver was traveling south bound on T concourse heading to T7;

b.      around T10 Transit started to slow down on its own accord;

c.      at this point, driver tried to accelerate further to continue south bound to T7;

d.      Transit accelerated unexpectedly;

e.      driver attempted to press the brakes;

f.      the brakes on Transit failed;

g.      Transit *drove through a concrete barrier* at T9; (*emphasis supplied*) and

h.      Transit came to a stop at the subsequent spine barrier.

5.      Plaintiff suffered injuries as a result of the accident.

---

[1] Account based on Georgia Motor Vehicle Crash Report, No. 23340039, attached hereto as Exhibit A.

6. Transit could have crashed into an airplane, fuel truck, any number of other vehicles which could have caused an explosion and possibly additional serious injuries or death.

## PARITES, JURISDICTION, AND VENUE

7. Plaintiff, Bruce Flippins, is an individual and resident of Clayton County.

8. Defendant, Ford Motor Company, is the manufacturer of Transit with headquarters in Dearborn, MI and has a registered agent located at 410 Peachtree Parkway Suite 4245, Cumming, GA, 30041, in Forsyth County, Georgia.

9. Ford maintains such systematic contacts within the state, including Ford dealerships, fleet accounts, such as with Delta, logistics routes, supply depos and advertising of its motor vehicles, including vehicles such as Transit involved in this incident, and receives substantial benefits from its contacts within this state to subject Ford to Georgia's jurisdiction and does business in Clayton County.[2]

10. Ford maintains sufficient contacts within the jurisdiction for general and specific jurisdiction purposes.

---

[2] By way of example, the Ford F-150 is the Official Truck of the Georgia Bulldogs and Ford runs advertisements throughout the State of Georgia prominently featuring the University of Georgia's football coach offering free giveaways. *See* iSpot, Ford F-150 TV Spot, Georgia Bulldogs, https://www.ispot.tv/ad/dllh/ford-f-150-georgia-bulldogs?utm_source.com (last visited Dec. 1, 2025); *and* Georgia Bulldogs Facebook page, https://www.facebook.com/georgiabulldogs/videos/click-here-to-enter-to-win/534400891070258/?utm_source.com (last visited Dec. 1, 2025).

11.    Such benefits are evidence by Ford's sale of Transit in question to Delta .

12.    Defendant, Delta  is a commercial aviation operator, and purchased, owned, and maintained Transit from the date of sale to the date of the accident in Clayton County.

13.    The accident occurred at Hartsfield Jackson Airport in Clayton County.

14.    Delta's headquarters is located in Atlanta, Georgia, and registered agent is located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 in Gwinnett County.

15.    Venue is proper in this Court pursuant to O.C.G.A. § 9-10-30, and jurisdiction is proper under O.C.G.A. § 14-2-510(b).

16.    This Court has subject matter jurisdiction over this action, and personal jurisdiction over the parties.

## GENERAL ALLEGATIONS

17.    Plaintiff was employed by Delta at the time of the accident and injured while riding in a vehicle, owned, operated and maintained by Delta or its agents.

18.    As a result of the incident, Plaintiff has suffered disability and loss his employment at Delta.

19.    On December 6, 2023, Plaintiff was riding in Transit during the ordinary course of his duties for Delta, Transit exhibited erratic throttle and braking behavior.

4

20.    Transit decelerated on its own and when driver pressed the accelerator, initial throttle response was negative, driver tried to continue driving Transit to a safe location as Transit was in the middle of the airport taxi way, then the accelerator spiked and Transit picked up speed rapidly.

21.    Driver attempted press the brake pedal on Transit due to the rapid acceleration and exhibition of speed amongst inbound, outbound, and taxing airplanes filled with passengers.

22.    Transit brakes did not respond on pressing the pedals. Thus Transit's brakes failed when the driver pressed the pedal.

23.    Transit drove through one concrete barrier at airplane gate T9 coming to a rest at a subsequent concrete spine attached to the airport. (*See* below)



From Accident Report.

24.     Plaintiff was sitting immediately behind the driver in the second row of Transit at the time of the accident wearing his safety belt.

25.     As a result of the accident, Transit was a total loss.

26.     Plaintiff was transmitted via EMS from the scene of the accident to Southern Regional Hospital Emergency Room.

27.     The accident caused Plaintiff to be injured.

28.     Plaintiff suffered the following injuries during the accident:

        a.      Dislocation of left thumb;

6

    b.    Due to thumb dislocation, Plaintiff was diagnosed with Gamekeepers Thumb;

    c.    Left Ankle;

    d.    Right femur; and

    e.    Back.

29.    As a direct result of the above injuries, Plaintiff had to undergo the following treatments:

    a.    Multiple x-rays and MRI's on Plaintiff's hand, foot, back, and femur;

    b.    Manual setting of thumb;

    c.    Surgery on thumb to repair Gamekeepers Thumb;

    d.    Physical therapy on thumb/hand; and

    e.    Chiropractic treatment related to foot, ankle and back.

30.    Upon information and belief Transit was maintained in a manner such that the vehicle maintained original equipment specifications and behaviors as the vehicle had come from the manufacturer.

31.    Such erratic behavior in transit vans is not coincidence but is rather, consistent with recognized failure of similar systems.

32.    Specifically, vacuum leaks inside the brake booster or check-valve assembly allows unmetered air to enter the intake manifold downstream of the mass-

7

airflow ("MAF") sensor, causing simultaneous brake-assist failure and engine instability.

33.     Transit's throttle and braking systems are integrated into the same systems because they use the same vacuuming power to operate both systems.

34.     A failure in one system (braking or acceleration system) due to vacuum power loss can lead to failure of the other system.

## *TRANSIT DEFECT ALLEGATIONS*

35.     Ford was the manufacturer of Transit. Transit was personal property as defined by statute.

36.     Transit was sold as new property from Ford to Delta.

37.     Plaintiff is a natural person who was injured while working for Delta and riding in Transit on December 6, 2023, Plaintiff is among the class of individuals who may use or be reasonably affected by Transit, that is passengers of transit vans.

38.     The product was not merchantable and reasonably suited to the use intended when sold because of a design or manufacturing defect, or due to a failure to warn of foreseeable dangers with Transit operation. The specific cause of the alleged issues is more fully delineated in the below list.

39.     Similar incidents involving the same vehicle behavior and type of vehicle have been reported to the government prior to the date of the accident.[3]

---

[3] *See* Exhibit B attached *hereto*.

40.    Thus, Ford was on notice of these defects prior to the accident that led to Plaintiff's injuries.

### A. Brake-System Vacuum Defects

41.    Transit uses a vacuum-assisted brake booster dependent on stable engine vacuum.

42.    Plaintiff alleges Transit suffered a vacuum leak caused by defective:

    a.  Brake-booster diaphragms,

    b.  Check valves,

    c.  Vacuum seals or housings, and/or

    d.  Booster/manifold connection points.

43.    When these components degrade or are manufactured outside tolerance, the booster permits ambient air to lead directly into the intake manifold.

44.    This leak produces:

    a.  Inconsistent brake-assist force,

    b.  Sudden loss of braking power,

    c.  Hard-pedal conditions, and/or

    d.  Delayed or unpredictable braking behavior.

45.    Ford knew or should have known that these components were susceptible to premature degradation and vacuum loss, yet continued to market the vehicles without correction or warning.

### B. Intake / Throttle / Air-Metering Defects

46.    The same vacuum leak that disables braking simultaneously delivers unmetered air into the engine, bypassing the MAF sensor and corrupting the ECU's airflow data.

47.    This results in:

a.  Throttle oscillation,

b.  Unintended RPM Spikes,

c.  Hesitation or engine stumbling,

d.  Surging acceleration, and inconsistent engine response.

48.    Plaintiff alleges that Ford failed to design intake seals, gaskets, and/or vacuum-port components capable of maintaining integrity under normal engine-bay conditions. The transit platform interconnected system harmonics makes robust sealing not optional but essential.

*C. Dangerous ECU Logic Interaction*

49.    The Transit integrates brake-assist data, throttle position, and airflow sensor readings into a shared ECU logic stream.

50.    When vacuum fluctuates due to a booster leak:

a.  The ECU interprets mismatched signals from the throttle body, brake pressure sensors, and MAF sensor;

b.  The system may increase RPM in an attempt to stabilize airflow; and/or

c.  The stability control and brake-override systems may malfunction.

51.     Instead of providing a fail-safe response, the ECU's calibration leads to conflicting brake and throttle outputs, creating a foreseeable loss-of-control scenario.

52.     This combined brake-and-intake failure is unique to vehicles using this configuration and was a foreseeable, testable, and preventable hazard.

*D. Combined System Failure and Plaintiff's Accident*

53.     Plaintiff's incident followed patterns of similar defects in other vehicles wherein the vehicles in question elicited:

    a.  Sudden vacuum loss,

    b.  Immediate brake-assist failure,

    c.  Unmetered air entering the intake,

    d.  Erratic throttle inputs and surging RPM,

    e.  Loss of vehicle stability and braking capacity.

54.     The vehicle became impossible to control through no fault of Plaintiff, who was properly restrained, and not driving.

55.     The defective brake-intake system was the actual, direct and proximate cause of Plaintiff's injuries.

## KNOWN INFORMATION ON TRANSIT

56.     Plaintiff's counsel sent Delta a letter requesting information pertaining to Transit, including sales records, maintenance records, and the investigation of the accident as required under law.

57.    Plaintiff's counsel received a letter from Delta requesting color of law for the requested information.

58.    Plaintiff alleges that the information sought from Delta are necessary, beneficial, and material to Plaintiff's claim and peculiarly within the knowledge of Delta and unknown to Plaintiff.

59.    Plaintiff is unable to ascertain some facts and information without resort to the conscience of Delta and Plaintiff has no adequate or complete remedy at law.

### *EXEMPLARY DAMAGE INFORMATION*

60.    Ford has produced over 1.5 million transit vans since their inception.

61.    Ford had similar issues in other models with similar system designs.

62.    Prior to Plaintiff's incident, Ford received a report of a transit van exhibiting the same issues.

63.    Ford did not release a service bulletin regarding the incident nor publicly warned of the known issue.

64.    These type of transit van's are the backbone of small businesses in America.

65.    Ford's failure to warn of the issue was the direct result of public relation and investor confidence over consumer safety.

### COUNT I
### STRICT LIABILITY UNDER O.C.G.A. § 51-1-11(b)(1)
(AGAINST FORD)

66.     Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

67.     Ford is the manufacturer of Transit.

68.     Transit is personal property as defined by statute.

69.     Ford sold Transit as new property to Delta.

70.     Ford is liable because Transit's failure occurred as a result of the manufacturing process; a defect in the design of Transit; and/or failing to warn of the known issue with Transit.

71.     Plaintiff is a natural person who was among the class of individuals who may use, or be reasonably affected by Transit operation.

72.     Transit was not merchantable and reasonably suited for its intended use when sold from Ford to Delta as a direct and proximate result of the above alleged defects. *See* ¶¶ 32-54.

73.     Transit's condition as sold was the proximate cause of Plaintiff's injury due to defects with the design, manufacture or Ford's failure to warn of defects with the intended use of Transit.

74.     Plaintiff suffered injury to his person and property, including personal injuries and disabilities as delineated above as well as loss employment and employment prospects as a result of the accident.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor and against Ford on this Count, and award compensatory damages determined by the enlightened conscience of the jury; special damages including medical expenses and lost wages, in an amount to be proven at trial; exemplary or punitive damages as prayed for; all recoverable costs of litigation; and such other and further relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE UNDER O.C.G.A. § 51-1-11(c)
(AGAINST FORD)

75.    Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

76.    Ford is the manufacturer of Transit.

77.    Ford was under a duty to design, and manufacture a vehicle fit for ordinary usage, specifically a vehicle that would not have a design where a failure of the brakes or air sensors would cause erratic engine acceleration and additional brake failure.

78.    Ford breached this duty when instead of designing a logical fail safe mechanism of separate systems, Ford designed or manufactured a system that allowed one system to corrupt the other.

79.    Ford was responsible as a result of a failure in the manufacturing process, a defect in the design of Transit, and/or by failing to warn of the issue.

80.   Further, Ford failed to warn of this safety hazard after having knowledge of the issue.

81.   Ford was the but for cause of Plaintiffs injuries because Plaintiff was injured in an accident while riding in an unmodified Transit as a result of Ford's actions.

82.   Ford was the proximate cause of Plaintiff's injuries because Transit's failure was due to Ford's design, manufacture or failure to warn of known issues with Transit's intake and braking systems alleged herein. This system defect proximately caused Plaintiff's injuries because the uncontrolled engine and braking proximately caused Transit to be unresponsive and the driver of Transit to lose control and crash into several concrete barriers. Plaintiff's injuries occurred in the accident.

83.   Plaintiff was damaged because of the accident wherein Plaintiff suffered bodily injuries resulting in surgeries and disability, as well as lost his employment due to the accident.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor and against Ford on this Count, and award compensatory damages determined by the enlightened conscience of the jury; special damages including medical expenses and lost wages, in an amount to be proven at trial; exemplary or punitive damages as prayed for; all recoverable costs of litigation; and such other and further relief as the Court deems just and proper.

## COUNT III
## NEGLIGENCE UNDER COMMON LAW
(AGAINST FORD)

84.    Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

85.    Ford is the manufacturer of Transit.

86.    Ford was under a duty to design, and manufacture a vehicle fit for ordinary usage, specifically a vehicle that would not have a design where a failure of the brakes or air sensors would cause erratic engine acceleration and additional brake failure.

87.    Ford breached this duty when instead of designing a logical fail-safe mechanism of separate systems, Ford designed or manufactured a system that allowed one system to corrupt the other.

88.    Ford was responsible as a result of a failure in the manufacturing process, a defect in the design of Transit, and/or by failing to warn of the issue.

89.    Further, Ford failed to warn of this safety hazard after having knowledge of the issue.

90.    Ford was the but for cause of Plaintiffs injuries because Plaintiff was injured in an accident while riding in an unmodified Transit.

91.    Ford was the proximate cause of Plaintiff's injuries because Transit's failure was due to Ford's design, manufacture or failure to warn of known issues with Transit's intake and braking systems alleged herein. This system defect

proximately caused Plaintiff's injuries because the uncontrolled engine and braking proximately caused the driver of Transit to lose control and crash into several concrete barriers. Plaintiff's injuries occurred in the accident.

92.    Plaintiff was damaged because of the accident wherein Plaintiff suffered bodily injuries resulting in surgeries and disability, as well as lost his employment due to the accident.

WHEREFORE, Plaintiff respectfully prays that the court enter judgement in his favor and against Ford on this Count, and award compensatory damages determined by the enlightened conscience of the jury; special damages including medical expenses and lost wages, in an amount to be proven at trial; exemplary or punitive damages as prayed for; all recoverable costs of litigation; and such other and further relief as the Court deems just and proper.

## COUNT IV
## BREACH OF WARRANTY UNDER O.C.G.A. § 11-2-314, *et seq.*
### (AGAINST FORD)

93.    Plaintiff incorporates by reference paragraphs 1 through 65 as if fully set forth herein.

94.    Ford implied the Transit was merchantable with respect to goods of the kind, that Transit would accelerate and stop as the driver requires.

95.    Goods are required to be fit for the ordinary purpose for which it was used, e.g. be able to accelerate and stop as the driver requires.

96.    Goods must conform to the promises or affirmations of fact made at the time of sale, meaning Transit would accelerate and stop as the driver requires.

97.    A product is defective and breaches the implied warranty of merchantability when it is not fit for the ordinary purposes for which the good is used.

98.    Here, Transit would not accelerate or brake as it would under ordinary operating conditions for the purposes of ordinary driving.

99.    It was reasonable for Plaintiff to use, consume, or be affected by Transit when he was injured by breach of the warranty.

100.   Plaintiff was injured in his person as a result of the injuries as well as lost his employment as a result of injuries sustained in the accident.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor and against Ford on this Count, and award compensatory damages determined by the enlightened conscience of the jury; special damages including medical expenses and lost wages, in an amount to be proven at trial; exemplary or punitive damages as prayed for; all recoverable costs of litigation; and such other and further relief as the Court deems just and proper.

## COUNT V
## NEGLIGENT MISREPRESENATION
(AGAINST FORD)

101.   Plaintiff incorporates by reference Paragraphs 1 through 65 as if fully set forth herein.

102. Upon information and belief, when choosing fleet vehicles, Delta requested information pertaining to the would-be fleet vehicles.

103. Upon information and belief, when choosing fleet vehicles, Delta made a condition precedent on vehicles meeting minimum safety standards, accelerators working and brakes operating as expected ("Road Worthiness").

104. Upon information and belief, Ford represented that Transit complied with all applicable standards for Road Worthiness to Delta and the public at large when placing Transit in the stream of commerce.

105. Upon information and belief, those standards included the fact that Transit would accelerate when pressing the accelerator.

106. Upon information and belief, those standards included the fact that Transit would brake when pressing the brake.

107. Upon information and belief, those standards included the fact that Transit would operate as expected under the operating conditions.

108. Upon information and belief, as a result of Ford's representation of Road Worthiness, Delta chose Transit as a fleet vehicle.

109. Upon information and belief, as evidenced by the accident, Transit did not meet these minimum Road Worthiness requirements.

110. Upon information and belief, as such, Ford misrepresented Transit's Road Worthiness to Delta.

111.   Upon information and belief, as a direct result of Ford's misrepresentation of Road Worthiness, Transit was chosen over suitable alternative fleet vehicles.

112.   Upon information and belief, Plaintiff was injured when Transit exhibited un-Road Worthiness behavior, when it did not accelerate or brake which caused Transit to get into a head on collision.

113.   Upon information and belief, Delta would have chosen a different fleet vehicle had Delta known about Ford's misrepresentation of Road Worthiness regarding Transit.

114.   Upon information and belief, had Ford not misrepresented the Road Worthiness of Transit to Delta, Delta would have chosen a different fleet vehicle and Plaintiff would have been in a different vehicle the day of the accident.

115.   Upon information and belief, had Ford not misrepresented the Road Worthiness of Transit to Delta, Plaintiff would not have gotten into the accident that caused him injuries that necessitated the filing of this claim.

116.   Plaintiff was injured in the accident as a direct and proximate cause of Ford's misrepresentation and those injuries include bodily injuries as well as loss of employment.

WHEREFORE, Plaintiff respectfully prays that the court enter judgment in his favor and against Ford on this Count, and award compensatory damages determined

by the enlightened conscience of the jury; special damages including medical expenses and lost wages, in an amount to be proven at trial; exemplary or punitive damages as prayed for; all recoverable costs of litigation; and such other and further relief as the Court deems just and proper.

## COUNT VI
## PURE BILL OF DISCOVERY
### (AGAINST DELTA)

117.   Plaintiff incorporates by reference Paragraphs 1 through 65 as if fully set forth herein.

118.   Delta was the purchaser of Transit from Ford.

119.   At issue in this case is Delta's decision to purchase, the maintenance of, and usage of Transit, as well as any warranties and sales information Ford provided to Delta.

120.   Such information is exclusively in the possession of Delta and unknown to Plaintiff.

121.   Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays that the court enter judgement in his favor and against Delta on this Count, and award such other and further relief as requested and the Court deems just and proper.

## PUNITIVE DAMAGES
### (AGAINST FORD)

122.   Plaintiff incorporates by reference Paragraphs 1 through 65 as if fully set forth herein.

123.   Ford's conduct described herein consisted of oppression, fraud, and/or malice, and was done with advance knowledge, conscious disregard of the safety of others, and/or ratification by Ford's officers, directors, and/or managing agents.

124.   Despite Ford's knowledge of Transit's propensity to fail and cause serious injuries, Ford chose profits over the safety of American citizens when they sought to market an unsafe vehicle posing significant risks, including crashing into commercial aircraft.

125.   Despite having substantial information about serious and unreasonable risks associated with combined brake and acceleration systems, Ford intentionally and recklessly failed to adequately warn the public, Delta and Plaintiff of the harms with Transit design and or manufacture.

126.   Further, despite having substantial information about the serious issues with Transit acceleration and braking systems, Ford failed to make the decision to pull or alter the systems after receiving reports associated with the systems failure.

127.   Ford downplayed and recklessly disregard their knowledge of the defective nature of the Transit systems.

128.   Ford chose to do nothing to warn the public about the serious and undisclosed failures of the Transit systems.

129.  Ford recklessly failed to warn and adequately instruct the public regarding Transit system failures including those experiencing serious injuries.

130.  Consequently, Ford is liable for punitive damages in an amount to be determined by the jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the court enter judgement in his favor and against Ford for damages, including punitive damages, if applicable, to which he is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. Judgment for Plaintiff and against Defendants;

b. Damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of Ford's failures;

c. Pre and post judgment interest at the lawful rate;

d. Punitive damages, if applicable, on all applicable Counts as permitted by the law;

e. A trial by jury on all issues so triable;

f. An award of attorneys' fees; and

g. For any other relief as this Court may deem equitable and just and proper,

including but not limited to all reliefs prayed for in this Complaint in the

foregoing Prayer for Relief.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts and as to all issues.

Respectfully submitted this 4th day of December 2025.

/s/ *John W. Cleary*
John W. Cleary, Esq.
Georgia Bar No. 648838
Haigler & Associates Law
Firm 400 Galleria Parkway,
Suite 1500
Atlanta, GA 30339 Telephone:
(305) 760-4600 E-mail:
cleary@haiglerfirm.com

2025CV04488-09

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4th, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Georgia e-filing system which will send notification of such filing to the Georgia e-filing participants registered to receive service in this action.

By:     /s/ *John W. Cleary*
          John W. Cleary, Esq.

2025CV04488-09

EFILED
CLAYTON COUNTY, GA
12/4/2025 3:11 PM
Chanae Q. Clemons
CLERK SUPERIOR COURT

## VERIFICATION

Personally appeared before me, the undersigned officer duly authorized to

administer oaths, Bruce Flippins, who, after being duly sworn, deposes and states

under oath that the facts set forth in the foregoing Complaint are true and correct to

the best of his knowledge, information, and belief.

This 2 day of December, 2025.

Bruce Flippins

Sworn to and subscribed before me
this 2 day of December, 2025.

Notary Public
My Commission Expires: 03-19-2027

Crystvn Jones
NOTARY PUBLIC
DeKalb County, GEORGIA
My Commission Expires 03/19/2027

26

2025CV04488-09

# Exhibit A

2025CV04488-09

Page 1 of 3

| Agency Case Number | Agency NCIC No. | GEORGIA | | County | Date Rec. by DOT |
|---|---|---|---|---|---|
| 23340039 | APD0000 | MOTOR VEHICLE CRASH REPORT | | CLAYTON | 12/6/2023 |

| Estimated Crash | | Dispatch | | Arrival | | Total Number of | | | Inside City Of |
|---|---|---|---|---|---|---|---|---|---|
| Date | Time | Date | Time | Date | Time | Vehicles | Injuries | Fatalities | Unincorporated |
| 12/3/2023 | 09.48 | 12/6/2023 | 09:48 | 12/6/2023 | 09:55 | 1 | 8 | 0 | |

| Road of Occurrence | 7700 SPINE RD | | At Its Intersection With | | ☐ Suppl. To Original? |
|---|---|---|---|---|---|

Not At Its Intersection But  ☐ Miles  ☐ North  ☐ East  Of  ☐ Feet  ☐ South  ☐ West

☑ Private Property?

☐ Hit And Run?

Latitude (Y) 33.640651    Longitude (X) -84.441968

| Unit # | ☑ Driver | LAST NAME | FIRST | MIDDLE | Unit # | ☐ Driver | LAST NAME | FIRST | MIDDLE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ☐ Ped | BALDE | AISSATOU | | | ☐ Ped | | | |
| | ☐ Bike | Address | | | | ☐ Bike | Address | | |
| | ☑ Susp At Fault | 7100 TANGER BLVD | | | | ☐ Susp At Fault | | | |

| City | | State | Zip | DOB | City | | State | Zip | DOB |
|---|---|---|---|---|---|---|---|---|---|
| RIVERDALE | | GA | 30296 | 3/17/1989 | | | | | |
| Driver's License No | | Class | State | Country | Driver's License No | | Class | State | Country |
| 060551986 | | C | GA | United States | | | | | |
| Insurance Co. | | Policy No. | Telephone No. | | Insurance Co. | | Policy No. | | Telephone No. |
| DELTA | | SELF INSURED | 4049144113 | | | | | | |
| Year | Make | | Model | | Year | Make | | Model | |
| 2019 | FORD | | TRANSIT | | | | | | |
| VIN | | | Vehicle Color | | VIN | | | Vehicle Color | |
| 1FBZX2ZMXKKB37737 | | | White | | | | | | |
| Tag # | State | County | | Year | Tag # | State | County | | Year |
| NO TAG | | | | | | | | | |
| Trailer Tag # | State | County | | Year | Trailer Tag # | State | County | | Year |

| | Owner's Last Name | FIRST | MIDDLE | | Owner's Last Name | FIRST | MIDDLE |
|---|---|---|---|---|---|---|---|
| ☐ Same as Driver | DELTA AIRLINES INC | | | ☐ Same as Driver | | | |
| Address | | | | Address | | | |
| 6C00 S TERMINAL PKWY | | | | | | | |
| City | | State | Zip | City | | State | Zip |
| ATLANTA | | GA | 30320 | | | | |

| Removed By: | DELTA | ☑ Request | ☐ List | Removed By: | | ☐ Request | ☐ List |
|---|---|---|---|---|---|---|---|

| Alcohol Test | Type | Results | Drug Test | Type | Results | Alcohol Test | Type | Results | Drug Test | Type | Results |
|---|---|---|---|---|---|---|---|---|---|---|---|
| No | | | No | | | | | | | | |

| First Harmful Event | Most Harmful Event | Operator/Ped Cond | First Harmful Event | Most Harmful Event | Operator/Ped Cond |
|---|---|---|---|---|---|
| Man an Barrier | Med an Barrier | Unknown | | | |

| Operator Factors: | Driver Lost Control - Speed Related | Operator Factors: | |
|---|---|---|---|

| Vehicle Factors: | Brake Failure | Roadway Factors: | No Contributing Factors | Vehicle Factors: | | Roadway Factors: | |
|---|---|---|---|---|---|---|---|

| Direction of Travel | Vehicle Maneuver | Non-Motor Maneuver | Direction of Travel | Vehicle Maneuver | Non-Motor Maneuver |
|---|---|---|---|---|---|
| South | Straight | | | | |

| Vehicle Class | Vehicle Type | Vision Obscured | Vehicle Class | Vehicle Type | Vision Obscured |
|---|---|---|---|---|---|
| Privately Owned | Van | Not Obscured | | | |

| Number of Occupants | Area of Initial Contact | Damage to Vehicle | Number of Occupants | Area of Initial Contact | Damage to Vehicle |
|---|---|---|---|---|---|
| 8 | Front End | Disabling Damage | | | |

| Traffic Way Flow | Road Composition | Road Character | Traffic Way Flow | Road Composition | Road Character |
|---|---|---|---|---|---|
| Two-Way Traffic way with no physical separation | Concrete | Straight and Level | | | |

| Number of Lanes: 2 | Posted Speed: 10 | Work Zone: None | Number of Lanes: | Posted Speed: | Work Zone: |
|---|---|---|---|---|---|

| Traffic Control: No Control Present | Device Inoperative: ☐ Yes ☑ No | Traffic Control: | Device Inoperative: ☐ Yes ☑ No |
|---|---|---|---|

| Citation Information: | | Citation Information: | |
|---|---|---|---|
| Citation # | O.C.G.A. § | Citation # | O.C.G.A. § |
| Citation # | O.C.G.A. § | Citation # | O.C.G.A. § |
| Citation # | O.C.G.A. § | Citation # | O.C.G.A. § |

| COMMERCIAL MOTOR VEHICLES ONLY | | | | COMMERCIAL MOTOR VEHICLES ONLY | | | |
|---|---|---|---|---|---|---|---|
| Carrier Name | | | | Carrier Name | | | |
| Address | City | State | Zip | Address | City | State | Zip |
| U.S. D.O.T. # | No. of Axles | G.V.W.R | | U.S. D.O.T. # | No. of Axles | G.V.W.R | |
| Cargo Body Type | Vehicle Config. | ☐ Interstate Fed. Reportable | | Cargo Body Type | Vehicle Config. | ☐ Interstate Fed. Reportable | |
| | | ☐ Intrastate ☐ Yes ☐ No | | | | ☐ Intrastate ☐ Yes ☐ No | |
| C.D.L ? | ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No | C.D.L ? | ☐ Yes ☐ No | C.D.L. Suspended? ☐ Yes ☐ No |
| Vehicle Placarded? | ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No | Vehicle Placarded? | ☐ Yes ☐ No | Hazardous Materials? ☐ Yes ☐ No |
| Hazmat Released? | ☐ Yes ☐ No | | Hazmat Released? | ☐ Yes ☐ No | |

If YES: Name or 4 Digit Number from Diamond or Box:
One Digit Number from Bottom of Diamond.

If YES: Name or 4 Digit Number from Diamond or Box:
One Digit Number from Bottom of Diamond.

☐ Ran Off Road  ☐ Down Hill Runaway  ☐ Cargo Loss or Shift  ☐ Separation of Units      ☐ Ran Off Road  ☐ Down Hill Runaway  ☐ Cargo Loss or Shift  ☐ Separation of Units

2025CV04488-09

## COLLISION FIELDS

| Manner of Collision: Head On | Location at Area of Impact: Private Property | Weather: Clear | Surface Condition: Dry | Light Condition: Daylight |
|---|---|---|---|---|

## NARRATIVE

On 12-06-2023 I Officer Bustamente was dispatched to a single vehicle auto accident at 7700 Spine rd (T- SPINE). Upon my arrival to the entrance to T-spine there was a Delta crew van that had hit a concrete barrier and came to a stop at another barrier at the entrance to T-spine. Atlanta fire engine 35, engine 44, Atlanta medic 1, as well as medic 4, and 5 were all on scene because the auto accident had passengers that had injuries. Driver 1 stated that she was operating a Delta crew van, with seven passengers inside. Driver 1 stated that she was traveling south bound on T concourse heading to T7. Driver 1 stated that around gate T10 the vehicle started to slow down on its own, so driver 1 stated that she accelerated to continue on south bound to T7. Driver 1 then advised that the vehicle accelerated too quick, and when she pressed the brakes, the brakes on the vehicle failed. Driver 1 drove into a concrete barrier at gate T9 and the vehicle came to a stop at the spine. I was advised by Medic 1 that driver 1 briefly lost consciousness. Driver 1 was injured in the accident and was complaining about her left arm. Atlanta Medic 1 advised that the arm might be broken. I was able to speak to driver 1, and it appeared that she was still a little out of it when she communicated what happened. Medic 1 transported driver 1 to Grady for treatment. The seven passengers in vehicle 1 were transported to locals hospitals by Atlanta fire rescue. I was unable to speak to the injured passengers. Delta supervisors were on scene and assisted me in getting all the passengers information. Driver 1 was not issued a citation because the accident happened on private property. Vehicle 1 was towed by Delta.

## DIAGRAM



## PROPERTY DAMAGE INFORMATION

| Damage Other Than Vehicle: | Owner: |
|---|---|

## WITNESS INFORMATION

| Name (Last, First) | Address | City | State | Zip Code | Telephone Number |
|---|---|---|---|---|---|

GDOT-523 (97/73)

2025CV04488-09

## OCCUPANT INFORMATION

| # | Name (Last, First) | | | | Address | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **1** | BALDE, AISSATOU | | | | 7100 TANGER BLVD  RIVERDALE, GA 30296 | | | | | |
| | Age: 34 | Sex: Female | Unit #: 1 | Position: Front Seat-Left Side | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: Deployed Air Bag | Injury: Suspected Minor or Visible Injury (B) | Taken for Treatment: Yes |
| | Injured Taken To: GRADY | By: ATLANTA FIRE MEDIC-1 | | | EMS Notified Time: 12/6/2023 9:48:00 AM | | EMS Arrival Time: 12/6/2023 9:48:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **2** | SOW, BINETA | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: Female | Unit #: 1 | Position: Front Seat-Right Side | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: Deployed Air Bag | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **3** | FALL, ALIOUNE | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: | Unit #: 1 | Position: Rear Seat-Left Side | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: No Air Bag In This Seat | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **4** | FLIPPINS, BRUCE | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: Male | Unit #: 1 | Position: Rear Seat-Middle | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: No Air Bag In This Seat | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **5** | ROGERS, CARMECIA | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: | Unit #: 1 | Position: Rear Seat-Right Side | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: No Air Bag In This Seat | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **6** | GRACE, SHONDREVIS | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: | Unit #: 1 | Position: Rear Seat-Left Side | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: No Air Bag In This Seat | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **7** | WALLACE, FRED | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: | Unit #: 1 | Position: Rear Seat-Middle | Safety Eq: Unknown | Ejected: Not Ejected | Extricated: No | Air Bag: No Air Bag In This Seat | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |
| **8** | BRANNEN, THOMAS | | | | 6000 S. TERMINAL PKWY  ATLANTA, GA 30320 | | | | | |
| | Age: 0 | Sex: | Unit #: 1 | Position: Rear Seat-Right Side | Safety Eq: | Ejected: Not Ejected | Extricated: No | Air Bag: No Air Bag In This Seat | Injury: Possible Injury or Complaint (C) | Taken for Treatment: Yes |
| | Injured Taken To: | By: | | | EMS Notified Time: 12/6/2023 12:00:00 AM | | EMS Arrival Time: 12/6/2023 12:00:00 AM | | Hospital Arrival Time: 12/6/2023 12:00:00 AM | |

## ADMINISTRATIVE

| Photos Taken: ☐ Yes ☑ No   By: | | Officer Note: If collision resulted in a fatality, please send prompt notification to the GDOT Crash Reporting Unit via either email at GeorgiaFARS@dot.ga.gov or fax at (404) 635-2963 | |
|---|---|---|---|
| Report By: BUSTAMANTE, SERGIO (4471) | Agency: Atlanta Police Department | Report Date: 12/6/2023 11:02 | Checked By: Kimbrough, Marcia |
| | | | Date Checked: 12/12/2023 |

# Exhibit B



## Overall Safety Rating

NHTSA's 5-Star Safety Ratings help consumers compare vehicle safety while searching for a car. More stars mean safer cars.

**Image Not Available**

**34** Complaints                    Filter by affected components

MAY 30, 2025 · NHTSA CAMPAIGN NUMBER: 11630154
COMPONENT: ELECTRICAL SYSTEM

DECEMBER 11, 2024 · NHTSA CAMPAIGN NUMBER: 11629193
COMPONENT: VEHICLE SPEED CONTROL, SERVICE BRAKES

NHTSA ID Number: 11630154
Incident Date: October 31, 2022
Consumer Location: WOODSTOCK, GA
Vehicle Identification Number: 1FT8SAADXX ******
Summary of Complaint

| Crash | Yes |
| Fire | No |
| Injuries | 0 |
| Deaths | 0 |

The contact's neighbor owned a 2019 Ford Transit. The contact stated that while driving at low speeds to the end of his street in the cul-de-sac. The brakes were seizing. The contact stated that there was an abnormal latching noise detected. A neighbor walking her dog alerted him about an abnormal sound emerging from the vehicle. While driving over the curb, approaching the driveway, the vehicle suddenly accelerated. The brakes failed to respond and he crashed into his house. There was no reported injuries, airbag deployment, or fire. A police report was filed. The vehicle was towed to a body shop. Then it was towed to another body shop. The local dealer was not contacted. The vehicle was not diagnosed or repaired. The manufacturer was contacted and filed a claim. The failure mileage was unknown. The vehicle was deemed a total loss by the insurance company.

OCTOBER 11, 2024 · NHTSA CAMPAIGN NUMBER: 11629193
COMPONENT: ELECTRICAL SYSTEM

OCTOBER 7, 2024 · NHTSA CAMPAIGN NUMBER: 11628749
COMPONENT: UNKNOWN OR OTHER

## Recommended Technologies

- Forward Collision W...
- Lane Departure War...
- Crash Imminent Bra...
- Dynamic Brake Sup...

## Recalls & Safety Issues

This is a record of safety issues for vehicles of this year, make, model and trim. If you are a vehicle owner, search for recalls by your vehicle Identification Number (VIN). The vehicle identification number safely says if your car is affected.

| 34  | Complaints |
| 8   | Recalls |
| 0   | Investigations |
| 144 | Manufacturer Communications |

### Have a safety problem?

Report a problem with your vehicle, tires, car seats or other equipment. We review every problem so we work to keep our roads safe.



**2018 FORD TRANSIT**

**Recalls**

**Complaints**